Alireza Alivandivafa, Esq. (SBN 255730)
1925 Century Park East, Suite 800
Los Angeles, California 90067
Telephone: (310) 570-2238
Facsimile: (310) 300-1015

Azad M. Marvazy, Esq. (SBN 298622)
LIGHT LAW GROUP, APC
1925 Century Park East, Suite 800
Los Angeles, California 90067
Telephone: (424) 241-3422
Facsimile: (424) 273-8884

Attorneys for Plaintiff,
PASCUAL GONZALEZ

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PASCUAL GONZALEZ, an Individual, <br><br> Plaintiff, <br><br> vs. <br><br> HOOVESTOL INC., a Delaware Corporation; 10 ROADS EXPRESS, LLC, a Delaware Limited Liability Company; <br><br> Defendants. | **CASE NO:** <br><br> **COMPLAINT FOR DAMAGES:** <br><br> 1. **Violation of FEHA, Government Code § 12940(a) – Discrimination;** <br> 2. **Violation of FEHA, Government Code § 12940(h) – Retaliation;** <br> 3. **Violation of FEHA, Government Code § 12940(m) – Failure to Provide Reasonable Accommodation;** <br> 4. **Violation of FEHA, Government Code § 12940(n) – Failure to Engage in the Interactive Process;** <br> 5. **Wrongful Termination in Violation of Public Policy;** <br> 6. **Violation of California Whistleblower Protection Act – Labor Code § 1102.5(b);** <br> 7. **Interference with Rights under the CFRA (Government Code §§ 12945.2, et seq.);** <br> 8. **Denial of and Interference With FMLA (29 USC Chapter 28)** <br><br> **DEMAND FOR JURY TRIAL** |

[this document printed on recycled paper]

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

## GENERAL ALLEGATIONS

### Introduction

1.      Plaintiff DEMESIO PASCUAL GONZALEZ ("Gonzalez" or Plaintiff") files this Complaint for Damages and other appropriate relief for violations of Common Law and all causes of action alleged herein against HOOVESTOL INC., a Delaware Corporation; 10 ROADS EXPRESS, LLC, a Delaware Limited Liability Company; and DOES 1-50, inclusive, collectively hereinafter referred to as "Defendants."

### Parties and Jurisdiction

2.      Plaintiff is, and at all relevant times herein mentioned was, an individual residing in the County of Kern, State of California.

3.      At all times material to this complaint, Plaintiff is informed and believes Defendant 10 ROADS EXPRESS, LLC (hereinafter "10 Roads Express"), was and is a Delaware Corporation based in Iowa, which conducts business in the State of California, County of Kern.

4.      At all times material to this complaint, Plaintiff is informed and believes Defendant HOOVESTOL INC., a Delaware Corporation (hereinafter "Hoovestol"), was and is a Delaware Corporation based in Iowa, which conducts business in the State of California, County of Kern.

5.      Plaintiff is informed and believes, and on that basis alleges, that each defendant sued under such fictitious names is in some manner responsible for the wrongs and damages as alleged below, and in so acting was functioning as the sole proprietor, limited partner, general partner, agent, servant, manager, supervisor, and/or employee of the Defendant, and in doing the actions mentioned below was acting within the course and scope of his or her authority as such sole proprietor, limited partner, general partner, agent, servant, manager, supervisor, and/or employee with the permission and consent of the Defendants. Defendants Hoovestol and 10 Roads Express are collectively referred to as "Defendants."

6.      Plaintiff is informed and believes and thereupon alleges that, at all times material herein, each Defendant was the agent, servant, co-venturer, co-conspirator employee and/or working in concert with him, his, her and/or their co-Defendants, and was acting within the

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

[this document printed on recycled paper]

course purpose, consent, knowledge, ratification, and authorization of such agency, employment, joint venture, conspiracy, and/or concerted activity.  To the extent that certain Defendants perpetrated certain acts and omissions, the remaining Defendant or Defendants confirmed and ratified said acts and omissions.  Each Defendant was completely dominated and controlled by his, her, or their co-Defendants, and each was the alter ego of the other. In doing the wrongful acts and omissions alleged, each Defendant was the agent, servant, joint employer, employee or co-conspirator of each other Defendant and each Defendant acted in the course and scope of the agency, service, employment or conspiracy with ratification or approval of the principal, employer and fellow conspirators.  Further, the Defendants acted as alter egos of each other and/or operated as an integrated enterprise, therefore making them liable for all debts incurred.

7.     This Court is the proper court and this action is properly filed in this District because (a) the County of Kern is within this judicial district, making venue proper pursuant to 28 U.S.C. § 1391; (b) Plaintiff's claims arose, in whole or in part, within the County of Kern; (c)(1) The amount in controversy of this case exceeds $75,000; (2) the Defendants are citizens of their state of incorporation (Delaware) and their state of domicile (Iowa) and not the State of California; (3) Plaintiff is a Citizen of the State of California, giving rise to the Diversity Jurisdiction of this Honorable Court pursuant to 28 U.S.C § 1332.

8.     As a direct and proximate result of the unlawful acts of Defendants, Plaintiff has suffered and continues to suffer from loss of earnings and other damages in amounts not yet ascertained, but subject to proof at trial.

9.     Plaintiff is informed and believes, and thereon alleges, that Defendants, and each of them, engaged in malice, fraud, and/or oppression in their actions against Plaintiff.

## **FACTUAL ALLEGATIONS**

10.     Plaintiff was employed by Defendants as a Commercial Truck Driver from approximately August 2020 to February 25, 2021.

11.     During Plaintiff's employment with Defendants, Plaintiff was discriminated against by Defendants based on his disability and/or perceived disability and based on his need, request for, and/or use of disability-related accommodation.

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

[this document printed on recycled paper]

12.     During Plaintiff's employment with Defendants, Plaintiff suffered an allergic reaction relating having asthma to secondhand cigarette smoke residue embedded in the cabins of trucks Plaintiff was assigned to by Defendants which manifested into rashes underneath his eyes, migraines, and respiratory problems. Plaintiff had limited control of the cleanliness of the cabins due to the constant switching of trucks at the end of each shift.

13.     On December 29, 2020, Plaintiff complained to his manager, Adam, via text message, of the poor quality of the truck he was assigned to, which was embedded with cigarette smoke residue so intense, Plaintiff felt dizzy and sick to his stomach. Plaintiff's complaint was ignored by Defendants.

14.     On February 15, 2021, Plaintiff sought telehealth medical attention for various ailments connected to a chronic, disabling health condition. Plaintiff elaborated via email that the cause of his symptoms was due to the cigarette smoke residue left by his coworkers' in-cabin smoking habits and clarified he was a non-smoker. Additionally, Plaintiff informed the Doctor he had already notified Defendants of his symptoms.

15.     Plaintiff obtained a medical note from his physician, placing him off of work from February 15, 2021, through February 17, 2021 with return date of February 18, 2021.  Plaintiff provided the medical note to his manager Adam via text message on February 15, 2021 but Plaintiff did not receive a response from Defendants.

16.     On February 16, 2021, Plaintiff submitted a request for five (5) days of sick leave initiating February 11, 2021, but Defendants did not provide a response to Plaintiff.

17.     On February 24, 2021, Plaintiff reminded his managers Adam and David via text message of his symptoms, their cause, and the Defendant's failure to accommodate him. Defendants failed once again to accommodate Plaintiff and dismissed his pleas.

18.     During Plaintiff's employment with Defendants, Plaintiff also complained to his manager Adam about unsafe working conditions.  On December 16, 2020 Plaintiff texted Adam

- 4 -

[this document printed on recycled paper]

that his driving schedule was unsafe and did not think he could safely transport a shipment in the timeframe allotted. Adam told Plaintiff to do whatever needed to be done to deliver the load, exposing Plaintiff to unsafe working conditions. Defendants ordered Plaintiff to perform unsafe duties and forced Plaintiff to violate DOT regulations pertaining to Hoovestol hours of service policy.

19.     Additionally, Defendants failed to provide Plaintiff his legally owed wages in a timely manner, forcing Plaintiff to contact his manager the entirety of his employment. Such was the case in regard to the five (5) day sick leave Plaintiff had requested on February 16, 2021, which Plaintiff was entitled sick pay and had previously provided a doctor's note.

20.     Plaintiff notified Defendants of the missing sick pay on his paycheck and notified his manager Adam via text. Adam's response reflected no recollection of payroll being an issue and threatened Plaintiff with the mention of voluntary termination after.

21.     As a result of Plaintiff's disability and/or perceived disability and based on his need, request for, and/or use of a disability-related accommodation, Plaintiff was discriminated and retaliated against by Defendants.

22.     The discrimination and retaliation based on Plaintiff's disability took the form of denial of any employment benefit or privilege, denial of reasonable accommodations, denial of a good faith interactive process, and ultimately, wrongful termination on approximately February 25, 2021.

23.     At the time of Plaintiff's termination, Plaintiff was eligible for and entitled to full, protected leave under the Family Medical Leave Act (FMLA) and the California Family Rights Act (CFRA).

24.     Respondent had notice of Plaintiff's need for leave, or at least it had sufficient information to trigger its obligation to make reasonable inquiry regarding a CFRA/FMLA

[this document printed on recycled paper]

qualifying condition.  Further, Defendant's failure to provide that leave and termination of Plaintiff constituted both a failure to provide leave and interference with leave.

25.     Plaintiff filed a timely complaint against Defendants with the Department of Fair Employment and Housing ("DFEH") thereby exhausting his administrative remedies.  Plaintiff received a right to sue notice from the DFEH giving him the right to sue Defendants.  A true and correct copy of Plaintiff's DFEH complaint and right to sue notice is attached hereto as Exhibit "A."

## FIRST CAUSE OF ACTION

### Violation of FEHA, Government Code § 12940(a) – Discrimination

### (Against All Defendants)

26.     As a separate and distinct cause of action, Plaintiff complains and realleges all the allegations contained in this Complaint, and incorporates them by reference into this cause of action as though fully set forth herein, excepting those allegations which are inconsistent with this cause of action. Plaintiff brings this cause of action against all Defendants.

27.     At all applicable times mentioned in this complaint, Defendants regularly employed five or more persons bringing Defendants within the provisions of the California Fair Employment and Housing Act.  Defendants within the provisions of the California Fair Employment and Housing Act.

28.     Plaintiff has adequately exhausted all of his administrative remedies under FEHA and obtained a "right to sue" letter from the Department of Fair Employment and Housing ("DFEH") against Defendants. A true and correct copy of Plaintiff's DFEH complaint and right to sue letter is attached hereto as Exhibit "A."

29.     Plaintiff was discriminated against by Defendants on the basis of his disability, and/or perceived disability, as prohibited by the FEHA.  Plaintiff suffered adverse employment actions by and through Defendants, including, without limitation, his wrongful termination.

[this document printed on recycled paper]

30.     As a proximate result of Defendants' willful, knowing, and intentional violation(s) of FEHA, Plaintiff has sustained and continues to sustain substantial losses in earnings and his employment benefits.

31.     As a proximate result of Defendants' willful, knowing, and intentional violation(s) of FEHA, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to his damage in a sum according to proof.  Plaintiff further seeks all declaratory and equitable relief allowed by the FEHA and common law.

32.     Plaintiff is informed and believes and based thereon alleges that the aforesaid acts directed toward him were carried out with a conscious disregard of his right to be free from such illegal behavior, such as to constitute oppression, fraud, or malice pursuant to California Civil Code section 3294 entitling Plaintiff to punitive damages in an amount appropriate to punish and set an example of the Defendants named herein.

33.     Plaintiff has incurred and continues to incur legal expenses and attorney fees. Pursuant to the provisions of the FEHA, Plaintiff seeks payment of those fees and costs by Defendants, on motion and according to proof at the time of Plaintiff's prevailing in this case. Further, Plaintiff seeks all equitable remedies under the FEHA against Defendants - including injunctive and declaratory relief.

WHEREFORE, Plaintiff requests relief as hereafter provided.

## SECOND CAUSE OF ACTION

### Violation of FEHA, Government Code § 12940(h) – Retaliation

### (Against All Defendants)

34.     As a separate and distinct cause of action, Plaintiff complains and realleges all the allegations contained in this Complaint, and incorporates them by reference into this cause of action as though fully set forth herein, excepting those allegations which are inconsistent with this cause of action. Plaintiff brings this cause of action against all Defendants.

[this document printed on recycled paper]

35.     At all applicable times mentioned in this complaint, Defendants regularly employed five or more persons bringing Defendants within the provisions of the California Fair Employment and Housing Act.

36.     Plaintiff has adequately exhausted all of his administrative remedies under FEHA and obtained a "right to sue" letter from the Department of Fair Employment and Housing ("DFEH") against Defendants. A true and correct copy of Plaintiff's DFEH complaint and right to sue letter is attached hereto as Exhibit "A."

37.     Plaintiff was retaliated against by Defendants due to his disability and/or perceived disability and based on his need, request, and/or use of a disability-related accommodation.

38.     As a proximate result of Defendants/willful, knowing, and intentional violation(s) of FEHA, Plaintiff has sustained and continues to sustain substantial losses in earnings and other employment benefits.

39.     As a proximate result of Defendant's willful, knowing, and intentional violation(s) of FEHA, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to his damage in a sum according to proof.  Plaintiff further seeks all declaratory and equitable relief allowed by the FEHA and common law.

40.     Plaintiff is informed and believes and based thereon alleges that the aforesaid acts directed toward him were carried out with a conscious disregard of his right to be free from such illegal behavior, such as to constitute oppression, fraud, or malice pursuant to California Civil Code section 3294 entitling Plaintiff to punitive damages in an amount appropriate to punish and set an example of the Defendants named herein.

41.     Plaintiff has incurred and continues to incur legal expenses and attorney fees. Pursuant to the provisions of the FEHA, Plaintiff seeks payment of those fees and costs by Defendants, on motion and according to proof at the time of Plaintiff's prevailing in this case. Further, Plaintiff seeks all equitable remedies under the FEHA against Defendants - including injunctive and declaratory relief.

[this document printed on recycled paper]

WHEREFORE, Plaintiff requests relief as hereafter provided.

## THIRD CAUSE OF ACTION

### Violation of FEHA, Government Code § 12940(m) –

### Failure to Provide Reasonable Accommodation

### (Against All Defendants)

42.     As a separate and distinct cause of action, Plaintiff complains and realleges all the allegations contained in this Complaint, and incorporates them by reference into this cause of action as though fully set forth herein, excepting those allegations which are inconsistent with this cause of action. Plaintiff brings this cause of action against all Defendants.

43.     Pursuant to Government Code § 12940(m), it is an unlawful employment practice for an employer to fail to make reasonable accommodation for the known physical or mental disability of an employee.

44.     Defendants were Plaintiff's employers as defined under the FEHA.

45.     Plaintiff was an employee of Defendants.

46.     Defendants knew Plaintiff had, or perceived and/or regarded Plaintiff as having, a disability which (1) limited major physical, mental, social and/or working life activities and made the achievement of major physical, mental, social and/or working life activities difficult; and/or (2) Plaintiff had a record of, which was known to Defendants.

47.     Plaintiff requested that Defendants provide reasonable accommodations for his disability and Plaintiff was able to perform the essential duties of his job with such reasonable accommodations.

48.     Defendants perceived and/or regarded Plaintiff as having a disability requiring that they initiate the interactive process in order to determine whether reasonable accommodations could be provided, which they failed to do in violation of Title 2 of the California Code of Regulations ("CCR"), section 7294.0.

49.     Defendants failed to provide reasonable accommodation for Plaintiff's disability in violation of Government Code §§ 12940, et seq., including without limitation § 12940(m).

[this document printed on recycled paper]

50.     As a direct and proximate result of Defendants' conduct, Plaintiff has incurred and will continue to incur general and special damages in an amount to be proven at trial. These damages include lost income, employment, and career opportunities, and emotional distress, depression, anxiety, embarrassment, anger, humiliation, loss of enjoyment of life, and severe emotional distress.

51.     The aforementioned acts were carried out by Defendants in a malicious, willful and oppressive manner with the intent to injure and damage Plaintiff, entitling Plaintiff to recover exemplary damages from Defendants under Civil Code §3294. Defendants' decisions to discriminate against Plaintiff based on his disabilities or disabilities as they were perceived by Defendants and based on Plaintiff's request for and/or use of disability accommodations; Defendants' refusal to accommodate Plaintiff, and Defendants' refusal to engage in a timely good faith interactive process were done with intent to injure Plaintiff and with the intent to prevent the exercise of his statutory rights and obligations. Defendants' officers, directors, and managerial and supervisory employees, participated in the unlawful conduct as alleged above or had actual knowledge that the above-alleged conduct was unlawful and nevertheless authorized and/or ratified the practices with conscious disregard of the rights and safety of Plaintiff.

52.     Plaintiff has incurred and continues to incur legal expenses and attorneys' fees, and hereby requests his attorneys' fees pursuant to Government Code § 12965. Additionally, Plaintiff seeks all equitable and affirmative remedies available under the FEHA.

WHEREFORE, Plaintiff requests relief as hereafter provided.

### FOURTH CAUSE OF ACTION

**Violation of FEHA, Government Code § 12940(n) --**

**Failure to Engage in the Interactive Process**

**(Against All Defendants)**

53.     As a separate and distinct cause of action, Plaintiff complains and realleges all the allegations contained in this Complaint, and incorporates them by reference into this cause of action as though fully set forth herein, excepting those allegations which are inconsistent with this cause of action. Plaintiff brings this cause of action against all Defendants.

[this document printed on recycled paper]

54.     Pursuant to Government Code § 12940(n), it is an unlawful employment practice for an employer to fail to engage in a timely, good faith interactive process with a disabled employee to determine effective reasonable accommodations in response to a request for reasonable accommodation.

55.     Defendants were Plaintiff's employers as defined under the FEHA.

56.     Plaintiff was an employee of Defendants.

57.     Defendants knew Plaintiff had, or perceived and/or regarded Plaintiff as having, a disability which (1) limited major physical, mental, social and/or working life activities and made the achievement of major physical, mental, social and/or working life activities difficult; and/or (2) Plaintiff had a record of, which was known to Defendants.

58.     Plaintiff requested that Defendants provide reasonable accommodations for his disability so that he would be able to perform the essential job requirements of his position.

59.     Defendants knew Plaintiff had a disability, or otherwise perceived and/or regarded Plaintiff as having a disability, requiring that they initiate the interactive process in order to determine whether reasonable accommodations could be provided, which they failed to do in violation of Title 2 of the California Code of Regulations ("CCR"), section 7294.0.

60.     Defendants failed to participate in a timely good-faith interactive process with Plaintiff to determine whether reasonable accommodations could be provided.

61.     As a direct and proximate result of Defendants' conduct, Plaintiff has incurred and will continue to incur general and special damages in an amount to be proven at trial.  These damages include lost income, employment, and career opportunities, and emotional distress, depression, anxiety, embarrassment, anger, humiliation, loss of enjoyment of life, and severe emotional distress.

62.     The aforementioned acts were carried out by Defendants in a malicious, willful and oppressive manner with the intent to injure and damage Plaintiff, entitling Plaintiff to recover exemplary damages from Defendants under Civil Code §3294.  Defendants' decisions to discriminate against Plaintiff based on his disabilities, or disabilities as they were perceived by Defendants, and based on Plaintiff's request for and/or use of disability accommodations,

[this document printed on recycled paper]

Defendants' refusal to accommodate Plaintiff, and Defendants' refusal to engage in a timely good faith interactive process were done with intent to injure Plaintiff and with the intent to prevent the exercise of his statutory rights and obligations.  Defendants' officers, directors, and managerial and supervisory employees, participated in the unlawful conduct as alleged above or had actual knowledge that the above-alleged conduct was unlawful and nevertheless authorized and/or ratified the practices with conscious disregard of the rights and safety of Plaintiff.

63.     Plaintiff has incurred and continues to incur legal expenses and attorneys' fees and hereby requests his attorneys' fees pursuant to Government Code § 12965.  Additionally, Plaintiff seeks all equitable and affirmative remedies available under the FEHA.

WHEREFORE, Plaintiff requests relief as hereafter provided.

## FIFTH CAUSE OF ACTION

### Wrongful Termination in Violation of Public Policy

### (Against All Defendants)

64.     As a separate and distinct cause of action, Plaintiff complains and realleges all the allegations contained in this Complaint, and incorporates them by reference into this cause of action as though fully set forth herein, excepting those allegations which are inconsistent with this cause of action. Plaintiff brings this cause of action against all Defendants.

65.     At all times mentioned in this complaint, Government Code sections 12940, et seq. were in effect, barring discrimination, retaliation and other adverse employment actions related to a person's disability, need for accommodations, and taking of medical leave.  The Fair Employment and Housing Act forms part of California's fundamental public policy and therefore supports this cause of action.

66.     Defendants violated the public policy of the State of California by wrongfully terminating Plaintiff in violation of FEHA due to, without limitation, Plaintiff's disability in addition to Plaintiff's request, use and/or need for disability accommodations.

67.     As a proximate result of Defendants' willful, knowing, and intentional actions against Plaintiff, Plaintiff has sustained and continues to sustain substantial losses in earnings and other employment benefits.

[this document printed on recycled paper]

68.     As a proximate result of Defendants' willful, knowing, and intentional actions against Plaintiff, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to his damage in a sum according to proof.

69.     Plaintiff is further informed and believes that each business or corporate employer, through its officers, directors and managing agents, and each individual Defendant, without limitation, directed the aforesaid acts toward him and carried them out with a conscious disregard of his right to be free from such illegal behavior, such as to constitute oppression, fraud, or malice pursuant to California Civil Code section 3294 entitling Plaintiff to punitive damages in an amount appropriate to punish and set an example of each of the Defendants.

70.     Plaintiff has incurred and continues to incur legal expenses and attorney fees. Plaintiff is presently unaware of the precise amount of these expenses and fees and prays leave of court to amend this complaint when the amounts are more fully known.

WHEREFORE, Plaintiff requests relief as hereafter provided.

## SIXTH CAUSE OF ACTION

**Violation of the California Whistleblower Protection Act**

**Labor Code § 1102.5(b)**

**(Against All Defendants)**

71.     As a separate and distinct cause of action, Plaintiff complains and realleges all the allegations contained in this Complaint, and incorporates them by reference into this cause of action as though fully set forth herein, excepting those allegations which are inconsistent with this cause of action. Plaintiff brings this cause of action against all Defendants.

72.     At all times applicable to this complaint, Defendants were engaged in business in the State of California and subject to the laws thereof.

73.     Plaintiff suffered adverse employment actions, up to and including termination by Defendants, for engaging in activity protected by the California Whistleblower Protection Act. More specifically, Plaintiff was retaliated and ultimately terminated from his employment for reporting and protesting the illegal violations, or violations Plaintiff otherwise reasonably believed were illegal, including without limitation Plaintiff's request and/or use of disability-

[this document printed on recycled paper]

related accommodations; protesting of Defendants' demand that Plaintiff violate his medical restrictions; and complaints that Defendants were not accommodating his disability.

74.    As a proximate result of Defendants' willful, knowing, and intentional violation(s) of Labor Code Section 1102.5(b), Plaintiff has sustained and continues to sustain substantial losses in earnings and other employment benefits.

75.    As a proximate result of Defendants' willful, knowing, and intentional violation(s) of Labor Code Section 1102.5, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to his damage in a sum according to proof.

76.    Plaintiff has incurred and continues to incur legal expenses and attorney fees and seeks those by motion, to the extent available.

77.    Plaintiff is informed and believes and therein alleges that the aforesaid acts directed toward him were carried out by Defendants with a conscious disregard of his right to be free from such illegal behavior, such as to constitute oppression, fraud, or malice pursuant to California Civil Code section 3294 entitling Plaintiff to punitive damages in an amount appropriate to punish and set an example of Defendants.

78.    Plaintiff is entitled to attorneys' fees and costs under Labor Code §§ 1102.5, et seq., including without limitation § 1102.5(j).

WHEREFORE, Plaintiff requests relief as hereafter provided.

## SEVENTH CAUSE OF ACTION

### Denial of and Interference With Rights Under The CFRA

### (Government Code §§ 12945.2, et seq.)

### (Against All Defendants)

79.    As a separate and distinct cause of action, Plaintiff complains and realleges all the allegations contained in this Complaint, and incorporates them by reference into this cause of action as though fully set forth herein, excepting those allegations which are inconsistent with this cause of action. Plaintiff brings this cause of action against all Defendants.

[this document printed on recycled paper]

80.     California Government Code § 12945.2, known as the California Family Rights Act ("CFRA") provides for twelve (12) workweeks of leave in a 12-month "leave year" to care for a child, spouse or parent with a serious health condition, or to care for an employee's own serious health condition.

81.     Plaintiff was eligible for protected leave under CFRA.

82.     Defendants were aware of Plaintiff's need for leave under CFRA to care for his own disability and/or medical condition and terminated him anyway, despite his leave not being used and his need and desire to take that leave.

83.     Defendants' actions constitute interference with the rights provided by Government Code § 12945.2.

84.     As a proximate result of Defendants' wrongful conduct, Plaintiff has suffered, and continues to suffer, substantial losses in earnings and job benefits in an amount to be determined according to proof at the time trial.

85.     Plaintiff seeks an equitable declaration of this Court, as authorized by the FEHA and the common law, that Defendants engaged in discriminatory acts and seeks injunctive relief against Defendants and their illegal policies.

86.     As a proximate result of Defendants' willful, knowing, and intentional violation(s) of FEHA, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to his damage in a sum according to proof.

87.     The acts taken toward Plaintiff were carried out by Defendants' officers, directors, and/or managing agents acting in a despicable, oppressive, fraudulent, malicious, deliberate, egregious, and inexcusable manner and in conscious disregard for the rights of Plaintiff.  Defendants and their agents/employees or supervisors, authorized, condoned and ratified the unlawful conduct of each other.  Consequently, Plaintiff is entitled to an award of punitive damages against Respondents.

88.     Plaintiff has incurred and continues to incur legal expenses and attorneys' fees and seeks those fees and costs, by law, upon prevailing.

[this document printed on recycled paper]

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

## EIGHTH CAUSE OF ACTION

### Denial of and Interference With Rights Under The FMLA

### (29 USC Chapter 28)

### (Against All Defendants)

89.     As a separate and distinct cause of action, Plaintiff complains and realleges all the allegations contained in this Complaint, and incorporates them by reference into this cause of action as though fully set forth herein, excepting those allegations which are inconsistent with this cause of action. Plaintiff brings this cause of action against all Defendants.

90.     The Family and Medical Leave Act provides for twelve (12) workweeks of leave in a 12-month "leave year" to care for to care for an employee's own serious health condition.

91.     Plaintiff was eligible for protected leave under FMLA.

92.     Defendants were aware of Plaintiff's need for leave under FMLA to care for his own disability and/or medical condition and terminated him anyway, despite his leave not being used and his need and desire to take that leave.

93.     Defendants' actions constitute interference with the rights provided by the FMLA.

94.     As a proximate result of Defendants' wrongful conduct, Plaintiff has suffered, and continues to suffer, substantial losses in earnings and job benefits in an amount to be determined according to proof at the time trial.

95.     Plaintiff seeks an equitable declaration of this Court, as authorized by the FMLA and the common law, that Defendants engaged in discriminatory acts and seeks injunctive relief against Defendants and their illegal policies.

96.     As a proximate result of Defendants' willful, knowing, and intentional violation(s) of FMLA, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to his damage in a sum according to proof.  Pursuant to the FMLA, Plaintiff seeks liquidated damages of at least double damages, or the maximum allowed by law.

97.     The acts taken toward Plaintiff were carried out by Defendants' officers, directors, and/or managing agents acting in a despicable, oppressive, fraudulent, malicious, deliberate,

[this document printed on recycled paper]

1   egregious, and inexcusable manner and in conscious disregard for the rights of

2   Plaintiff.  Defendants and their agents/employees or supervisors, authorized, condoned and

3   ratified the unlawful conduct of each other.  Consequently, Plaintiff is entitled to an award of

4   punitive damages against Respondents.

5       98.   Plaintiff has incurred and continues to incur legal expenses and attorneys' fees

6   and seeks those fees and costs, by law, upon prevailing.

7                           **PRAYER FOR RELIEF**

8           WHEREFORE, Plaintiff prays for relief and judgment against all Defendants,

9   jointly and severally, on all causes of action as follows:

10      a.    For restitution of all monies due Plaintiff including back pay, front pay, lost

11  employment benefits and other compensation, medical expenses, and other special damages

12  according to proof;

13      b.    For general damages to compensate Plaintiff for his past, present, and future

14  emotional distress, pain and suffering, and loss of pleasure and enjoyment of life;

15      c.    For all special damages as allowed by law;

16      d.    For exemplary and punitive damages as allowed by law;

17      e.    For injunctive relief against each Defendant;

18      f.    For civil penalties against each Defendant as allowed by law and pursuant to

19  statute, on behalf of Plaintiff;

20      g.    For an award of interest, including prejudgment interest, at the legal rate;

21      i.    For all costs of suit incurred; and

22      j.    For such other and further relief in law or in equity, as this Court deems just and

23  proper.

24  DATED:  February 10, 2023          By:

25                                          /s/ Alireza Alivandivafa
                                            _____
26                                          Alireza Alivandivafa
                                            Azad M. Marvazy
27                                          Attorneys for Plaintiff,
                                            PASCUAL GONZALEZ

28

[this document printed on recycled paper]

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

1

## **DEMAND FOR JURY TRIAL**

2

Plaintiff hereby demands a jury trial in this action against Defendants.

3

4

DATED:  February 10, 2023              By:

5
                                                    /s/ Alireza Alivandivafa
6
                                                    Alireza Alivandivafa
                                                    Azad M. Marvazy
7                                                   Attorneys for Plaintiff,
                                                    PASCUAL GONZALEZ
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[this document
printed on
recycled paper]

- 18 -

EXHIBIT A



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                                     GAVIN NEWSOM, GOVERNOR

                                                                                                                          KEVIN KISH, DIRECTOR

**Civil Rights Department**

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 (voice) | 800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@dfeh.ca.gov

January 27, 2023

Alireza Alivandivafa
1925 Century Park East, Suite 800
Los Angeles, CA 90067

RE:     **Notice to Complainant's Attorney**
        CRD Matter Number: 202301-19525027
        Right to Sue: Gonzalez / 10 Roads Express LLC et al.

Dear Alireza Alivandivafa:

Attached is a copy of your complaint of discrimination filed with the Civil Rights
Department (CRD) pursuant to the California Fair Employment and Housing Act,
Government Code section 12900 et seq. Also attached is a copy of your Notice of Case
Closure and Right to Sue.

**Pursuant to Government Code section 12962, CRD will not serve these
documents on the employer.** You must serve the complaint separately, to all named
respondents. Please refer to the attached Notice of Case Closure and Right to Sue for
information regarding filing a private lawsuit in the State of California. A courtesy "Notice
of Filing of Discrimination Complaint" is attached for your convenience.

Be advised that the CRD does not review or edit the complaint form to ensure that it
meets procedural or statutory requirements.

Sincerely,

Civil Rights Department



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

**Civil Rights Department**
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 (voice) | 800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@dfeh.ca.gov

January 27, 2023

RE:     **Notice of Filing of Discrimination Complaint**
        CRD Matter Number: 202301-19525027
        Right to Sue: Gonzalez / 10 Roads Express LLC et al.

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the Civil Rights Department (CRD)) in accordance with Government Code section 12960. This constitutes service of the complaint pursuant to Government Code section 12962. The complainant has requested an authorization to file a lawsuit. A copy of the Notice of Case Closure and Right to Sue is enclosed for your records.

This matter may qualify for CRD's Small Employer Family Leave Mediation Pilot Program. Under this program, established under Government Code section 12945.21, a small employer with 5 -19 employees, charged with violation of the California Family Rights Act, Government Code section 12945.2, has the right to participate in CRD's free mediation program. Under this program both the employee requesting an immediate right to sue and the employer charged with the violation may request that all parties participate in CRD's free mediation program. The employee is required to contact the Department's Dispute Resolution Division prior to filing a civil action and must also indicate whether they are requesting mediation.  The employee is prohibited from filing a civil action unless the Department does not initiate mediation within the time period specified in section 12945.21, subdivision (b) (4), or until the mediation is complete or is unsuccessful. The employee's statute of limitations to file a civil action, including for all related claims not arising under section 12945.2, is tolled from the date the employee contacts the Department regarding the intent to pursue legal action until the mediation is complete or is unsuccessful. You may contact CRD's Small Employer Family Leave Mediation Pilot Program by emailing DRDOnlinerequests@dfeh.ca.gov and include the CRD matter number indicated on the Right to Sue notice.


Please refer to the attached complaint for a list of all respondent(s) and their contact information.

No response to CRD is requested or required.

Sincerely,

CRD - ENF 80 RS (Revised 12/22)

STATE OF CALIFORNIA  |  Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

## Civil Rights Department

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 (voice) | 800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@dfeh.ca.gov

Civil Rights Department



STATE OF CALIFORNIA  |  Business, Consumer Services and Housing Agency               GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

**Civil Rights Department**
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 (voice) | 800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@dfeh.ca.gov

January 27, 2023

Pascual Gonzalez
,

RE:   **Notice of Case Closure and Right to Sue**
CRD Matter Number: 202301-19525027
Right to Sue: Gonzalez / 10 Roads Express LLC et al.

Dear Pascual Gonzalez:

This letter informs you that the above-referenced complaint filed with the Civil Rights Department (CRD) has been closed effective January 27, 2023 because an immediate Right to Sue notice was requested.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

This matter may qualify for CRD's Small Employer Family Leave Mediation Pilot Program. Under this program, established under Government Code section 12945.21, a small employer with 5 -19 employees, charged with violation of the California Family Rights Act, Government Code section 12945.2, has the right to participate in CRD's free mediation program. Under this program both the employee requesting an immediate right to sue and the employer charged with the violation may request that all parties participate in CRD's free mediation program. The employee is required to contact the Department's Dispute Resolution Division prior to filing a civil action and must also indicate whether they are requesting mediation. The employee is prohibited from filing a civil action unless the Department does not initiate mediation within the time period specified in section 12945.21, subdivision (b) (4), or until the mediation is complete or is unsuccessful. The employee's statute of limitations to file a civil action, including for all related claims not arising under section 12945.2, is tolled from the date the employee contacts the Department regarding the intent to pursue legal action until the mediation is complete or is unsuccessful. Contact CRD's Small Employer Family Leave Mediation Pilot Program by emailing DRDOnlinerequests@dfeh.ca.gov and include the CRD matter number indicated on the Right to Sue notice.

CRD - ENF 80 RS (Revised 12/22)

STATE OF CALIFORNIA  |  Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

## Civil Rights Department

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 (voice) | 800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@dfeh.ca.gov

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this CRD Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,


Civil Rights Department

# COMPLAINT OF EMPLOYMENT DISCRIMINATION
## BEFORE THE STATE OF CALIFORNIA
### Civil Rights Department
## Under the California Fair Employment and Housing Act
## (Gov. Code, § 12900 et seq.)

**In the Matter of the Complaint of**

Pascual Gonzalez                                          CRD No. 202301-19525027

                            Complainant,

vs.

10 Roads Express LLC
,

Hoovestol Inc
,

                            Respondents

_____

**1.** Respondent **10 Roads Express LLC** is an **employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

**2.** Complainant is naming **Hoovestol Inc** business as Co-Respondent(s).

**3**. Complainant **Pascual Gonzalez**, resides in the City of **,** State of **.**

**4**. Complainant alleges that on or about **February 25, 2021**, respondent took the following adverse actions:

**Complainant was discriminated against** because of complainant's medical condition (cancer or genetic characteristic), disability (physical, intellectual/developmental, mental health/psychiatric), family care and medical leave (cfra) related to serious health condition of employee or family member, child bonding, or military exigencies and as a result of the discrimination was terminated, laid off, denied hire or promotion, denied any employment benefit or privilege, denied or forced to transfer, denied accommodation for a disability, denied family care and medical leave (cfra) related to serious health condition of employee or family member, child bonding, or military exigencies.

**Complainant experienced retaliation** because complainant reported or resisted any form of discrimination or harassment, requested or used a disability-related accommodation, requested or used family care and medical leave (cfra) related to serious health condition of

Date Filed: January 27, 2023

CRD-ENF 80 RS (Revised 12/22)

employee or family member, child bonding, or military exigencies and as a result was terminated, laid off, denied hire or promotion, denied any employment benefit or privilege, denied work opportunities or assignments, denied or forced to transfer, denied accommodation for a disability, denied family care and medical leave (cfra) related to serious health condition of employee or family member, child bonding, or military exigencies.

**Additional Complaint Details:** I worked for the respondents driving trucks.  I was discriminated against and retaliated against based on my disability and medical condition of asthma and my adverse reaction to lingering cigarette smoke in the cabins of the trucks I was driving.  The respondents refused to accommodate me by providing either a non-smoking truck or assuring trucks did not have lingering cigarette smoke and other smells before I took over driving.  I complained about these issues and even provided medical notes regarding my need for accommodation and the respondents refused to properly accommodate me and retaliated against me, up to and including my termination.

-2-

*Complaint – CRD No. 202301-19525027*

Date Filed: January 27, 2023

CRD-ENF 80 RS (Revised 12/22)

VERIFICATION

I, **Pascual Gonzalez**, am the **Complainant** in the above-entitled complaint.  I have read the foregoing complaint and know the contents thereof.  The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe it to be true.

On January 27, 2023, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**Bakersfield CA**

-3-
*Complaint – CRD No. 202301-19525027*

Date Filed: January 27, 2023

CRD-ENF 80 RS (Revised 12/22)